LEONARD SANDFORD, DEFENDANT IN ERROR, v. ISAAC N. MILLER, PLAINTIFF IN ERROR.

Submitted July 11, 1910—Decided November 14, 1910.

The testimony tended to show that the defendant employed the plaintiff to furnish the labor and materials required to make certain additions to a building according to a plan furnished by defendant, nothing being said about the prices to be paid—*Held*, that a motion to nonsuit rested upon the ground that it conclusively appeared that the plaintiff was not employed to furnish the materials and labor, but was such an agent of the defendant as is defined in the supplement to the Crimes act (*Pamph. L.* 1908, *p.* 587), was properly refused.

On error to the Passaic Circuit Court.

For the plaintiff in error, *Michael Dunn.*

For the defendant in error, *John L. Griggs.*

The opinion of the court was delivered by

BERGEN, J. This action was brought to recover for labor and materials furnished by the plaintiff to the defendant for additions to, and alterations of, a dwelling-house. At the close of the plaintiff's case it appeared that he was employed by the defendant generally to build the building according to a plan prepared by the defendant's architect, and that he did the work without any agreement as to price, his testimony being: "I was to furnish the men and furnish the material; I was to do the work," and when asked what was to be his compensation, said: "There was nothing said about compensation—not a word—no more than usual." It also appeared that the plaintiff charged sixty cents an hour for labor which cost him forty-seven and one-half cents per hour, and forty-five cents an hour for labor which cost him thirty-two and one-half cents per hour, and that on some of the materials furnished he received a discount of two per cent. for cash. It

also appeared that the prices charged for labor were those usually made for that class of work in that locality.

There was a motion to nonsuit, which the trial court refused, to which the defendant excepted, and assigned error thereon. The motion was rested solely upon the ground that the charges of sixty cents and forty-five cents per hour, respectively, were in violation of a supplement to the Crimes act (*Pamph. L.* 1908, *p.* 587), which makes it a misdemeanor for an agent, employe or servant who, "being authorized to procure materials, supplies or other articles either by purchase or contract for his principal, employer or master, or to employ service or labor for his principal, employer or master, receives directly or indirectly for himself or another a commission, discount or bonus from the person who makes such sale or contract or furnishes such materials, supplies or other articles, or from a person who renders such service or labor." The trial court properly refused the nonsuit upon the ground urged, because there was evidence tending to show that the plaintiff was not an agent or employe authorized to procure materials or supplies for his principal. What he testified he agreed to do was to supply materials and labor necessary to complete the work he was employed to do, and for which he was entitled to be paid a reasonable compensation, and if he did that, it was of no consequence to the defendant what the labor cost him, provided the charges made did not exceed the market rates in that locality, and there was evidence from which the jury might properly infer that only such rates were charged, and that they were reasonable. As to the materials, the two per cent. deducted from the cost of the material was for cash payments by the plaintiff out of his own funds, and it did not injure the defendant who was only charged the market price.

It is also urged in support of the motion that the plaintiff, according to his own testimony, was the agent for Mr. Miller, and could not recover any profit on contracts made by him for Miller while serving in that trust capacity, and also that the evidence showed that Mr. Sandford was not an independent contractor. We do not find in the testimony any evidence

which conclusively shows that the relation of principal and agent existed between the parties to this suit, but on the contrary there was evidence from which the jury might infer that the agreement between the parties was that the plaintiff was to make the alterations and additions to the building and supply the materials for a reasonable compensation, and whether the compensation charged was reasonable or otherwise was clearly a question for the jury. Therefore we find no error in the refusal to nonsuit for the reasons given to the trial court in support of that motion.

The next assignment of error is grounded upon the refusal of the trial court to direct a verdict in favor of the defendant upon the same reasons urged on the motion to nonsuit. For the reasons given in sustaining the action of the trial court in refusing to nonsuit, we are of opinion that the trial court committed no error in refusing to direct a verdict for the defendant.

The next assignment of error argued relates to an excerpt from the charge of the trial court, as follows: "You are to judge from the character of these things whether or not Mr. Sandford was the employe, the agent of the defendant in this case, or whether he was an independent contractor, having charge of this matter with a right to charge for a profit on the material and a profit on the wages." In support of this assignment the plaintiff in error contends that under the agreement between the parties what each was to do, and what each actually did, were questions for the court, the claim made being that "It was the duty of the court to decide for itself the relationship between Mr. Sandford and Mr. Miller. It was not a jury question, as the evidence on that point was undisputed." But the language taken from the charge as set out in the bill of exception and the assignment of error must be read in connection with what preceded it, and an examination of the charge shows that the court was submitting to the jury the question whether under the evidence the plaintiff was such an employe or agent of the defendant as to bring him within the purview of the supplement to the Crimes act above mentioned, and as there was

evidence from which the jury might infer that the plaintiff was not such an agent, but that he had, as the trial court said, "Charge of this matter with the right to charge for a profit on the material and a profit on the wages," it was not error to submit that question to the jury.

The next assignment of error is rested upon the refusal of the trial court to charge the jury "that under the law and evidence in this case the jury should render a verdict in favor of the defendant." This is a mere repetition of the motion to direct a verdict, which is the subject of another assignment of error already considered and disposed of.

The next assignment of error challenges the correctness of the action of the trial court in refusing to charge as follows: "If you find that the agreement between the plaintiff and defendant was that the plaintiff was to procure materials by purchase and contract, and employ labor for the defendant, you must find that the plaintiff was the agent of the defendant." This assignment, as well as the succeeding one, based upon the refusal to charge, "that if you find that the plaintiff was the agent or employe of the defendant in and about the transaction in suit you must find a verdict for the defendant" will be considered together. An examination of the charge shows very clearly that the instructions of the trial judge covers both of these questions. The point which the plaintiff in error raised on the trial was that such an agency or relation existed between the plaintiff and defendant as to subject the plaintiff to the charge that he had violated the Crimes act of 1908, and the trial court expressly charged that if the evidence satisfied the jury that this situation existed then the plaintiff had offended against the statute of the state, and was guilty of a misdemeanor, and as a consequence had no right to enforce his contract, and said: "If Mr. Sandford permitted himself to be made an agent in this case whereby he was only to charge for his own time and was not to make any profit out of the material or workmen, then he would come under this statute." We think the charge fully covered the matters set out in the request, the refusal of which is assigned for error.

It is also assigned for error that the trial court refused to charge, as requested, "That if you find that the plaintiff was not acting in his relations to the defendant as an independent contractor, that the plaintiff then as a matter of law had acted in his relation to the defendant as an agent employed by the defendant as a principal, and the defendant would be entitled to the benefit of any contract made by the plaintiff for materials furnished and labor supplied." This was properly refused because there was no evidence in the case from which any inference can be drawn that the plaintiff was an independent contractor within the meaning of this request, for what the defendant manifestly means by the expression "independent contractor" is one who has contracted to do the work and furnish the materials for a stipulated sum, and there is no evidence in the cause from which any such inference can be drawn, in fact the defence set up rests upon the ground that such was not the relation between the parties, and it does not, under the evidence in this cause, follow as a matter of law that in the absence of such a contract the relation between the parties was that of principal and agent as described in the request. The evidence of the defendant shows that the plaintiff refused to make a contract, nor does the defendant claim that there was any contract. His claim is that the plaintiff agreed to procure the labor and materials for him, and he testified that the plaintiff said "You don't want a contract with anybody; you will want to be changing it all the while and making alterations and looking after it."

The issue tried was not whether the plaintiff was acting as an independent contractor, but whether he was employed to do the work and supply the materials required to complete it for a reasonable compensation, or to act as an agent to employ the laborers and purchase the material for the account of the defendant, and as to this the jury was properly instructed.

The remaining assignment of error relates to the refusal of the trial court to charge, in substance, that if the jury should find from the evidence that the plaintiff received for himself commissions or discounts from the persons who furnished

the materials, or from the persons who rendered their services, then the plaintiff could not recover. This request was based upon what the defendant claimed to be the effect of the criminal statute above referred to. Whether the statute applies or not it is sufficient to say that the trial court, in its charge, fully covered the request, for the jury was instructed that if the plaintiff had offended against the penal statute, that is, while acting as agent, employe or servant of the defendant within the terms of this statute, had received commissions or discounts for himself from the persons who furnished the materials or from the persons who rendered the labor, he not only could not collect the money, but he was liable to be indicted for having committed a misdemeanor.

There being no error, harmful to the defendant, appearing in the record as presented by the bill of exceptions and assignments, the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 14.

*For reversal*—None.